IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| JIMMIE D. SIMPSON | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-07-CV-1276-M |
| | § | |
| CESAR RODRIGUEZ, Individually | § | |
| and d/b/a C&B TRUCKING, ET AL. | § | |
| | § | |
| Defendants. | § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Plaintiff Jimmie D. Simpson, by and through his attorney, has filed a motion to require Defendant Cesar Rodriguez to show cause why he should not be held in civil contempt and sanctioned as a result of his failure to appear for a court-ordered deposition. For the reasons stated herein, the motion should be granted, defendant's answer should be stricken, and this case should be dismissed with prejudice.

I.

This is a negligence action brought by plaintiff to recover damages for injuries sustained when his vehicle was struck from behind by an 18-wheel tractor-trailer owned and operated by Cesar Rodriguez d/b/a C&B Trucking. On March 18, 2008, plaintiff served Rodriguez, through his attorney, with a notice requiring him to appear for deposition at the law offices of Johnson Robinson Fifield, P.C., 1201 Elm Street, Suite 4440, Dallas, Texas, on April 22, 2008 at 1:00 p.m. (*See* Plf. Mot., Exh. C).[1] When Rodriguez did not appear for the deposition, (*see id.*, Exh. D), plaintiff sought

---

[1] All counsel agreed to the date and location of the deposition.

relief from the court. In response to plaintiff's motion, defense counsel advised that he had lost contact with Rodriguez. Counsel candidly acknowledged that plaintiff was entitled to an order requiring Rodriguez to appear for deposition, but asked for 30 days to locate his client. (*See* Doc. #39). The court granted the motion to compel and ordered Rodriguez to "appear for deposition on May 16, 2008 at 10:00 a.m. at the offices of Mitchell, Goff & Mitchell, L.L.P., 10440 North Central Expressway, Suite 1100, Dallas, Texas 75231, unless the attorneys agree in writing to take this deposition on another date or at another location." (*See* Doc. #40). The attorneys subsequently agreed in writing to change the date of the deposition to May 28, 2008 at 10:00 a.m. (*See* Plf. Mot., Exh. F). Once again, Rodriguez failed to appear for his deposition as required.

On May 29, 2008, plaintiff filed the instant motion for a show cause order and sanctions. The court scheduled a hearing for June 13, 2008 at 9:00 a.m. Rodriguez was ordered to appear at this hearing in person, "then and there to show cause why he should not be held in civil contempt and otherwise sanctioned as a result of his failure to appear for deposition on May 28, 2008 at 10:00 a.m." (*See* Doc. #48). Rodriguez was warned that "his failure to appear in person at this hearing may result in the imposition of additional sanctions, including an order striking his pleadings or parts thereof and rendering a default judgment against him." (*See id.*, citing Fed. R. Civ. P. 16(f)(1) & 37(b)(2)(A)(vi)). Although his attorney appeared at the show cause hearing, Rodriguez did not. Nor has Rodriguez communicated with counsel or the court regarding his absence.

II.

Under the federal rules:

> The court where the action is pending may, on motion, order sanctions if:

> (i) a party . . . fails, after being served with proper notice, to appear for that person's deposition.

FED. R. CIV. P. 37(d)(1)(A). In addition:

> If a party . . . fails to obey an order to provide or permit discovery, including an order under Rule . . . 37(a), the court where the action is pending may issue further just orders. They may include the following:
>
> * * * *
>
> (iii) striking pleadings in whole or in part;
>
> * * * *
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A). The entry of a default judgment is an extreme sanction that should be imposed only "in the face of a clear record of delay or contumacious conduct by the [party]." *SEC v. First Houston Capital Resources Fund, Inc.*, 979 F.2d 380, 382 (5th Cir. 1992), *quoting Durham v. Florida East Coast Railway Co.*, 385 F.2d 366, 368 (5th Cir. 1967). The court cannot default an offending party "unless [it] first finds that a lesser sanction would not have served the interests of justice." *First Houston*, 979 F.2d at 382, *quoting McNeal v. Papasan*, 842 F.2d 787, 793 (5th Cir. 1988).

The record in this case documents a clear history of delay and contumacious conduct. Rodriguez was duly noticed to appear for a deposition on April 22, 2008, ordered to appeared for his deposition on May 28, 2008, and ordered to attend a show cause hearing on June 13, 2008. The show cause order warned Rodriguez that his failure to attend the hearing may result in the imposition

of additional sanctions, "including an order striking his pleadings or parts thereof and rendering a default judgment against him." (*See* Doc. #48, *citing* Fed. R. Civ. P. 16(f)(1) & 37(b)(2)(A)(vi)). Rodriguez failed to appear for his deposition, did not attend the show cause hearing, and has not communicated with his attorney or the court regarding these absences. Such conduct justifies the imposition of extreme sanctions. *See, e.g. Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986) (dismissal warranted where plaintiff failed to attend pretrial conference after judge warned that he had "one last opportunity" to comply with court's orders); *Gohe v. Seven Eleven*, No. 3-05-CV-2189-B, 2006 WL 1152682 (N.D. Tex. Apr. 10, 2006), *rec. adopted*, 2006 WL 1154778 (N.D. Tex. May 2, 2006) (default judgment entered against defendant for failure to appear for noticed deposition and show cause hearing); *DirecTV, Inc. v. Mendes*, No. 3-03-CV-1102-P, 2004 WL 733199 at *2 (N.D. Tex. Apr. 2, 2004), *rec. adopted*, 2004 WL 1873039 (N.D. Tex. Aug. 18, 2004) (default judgment entered against defendant for failure to appear at court-ordered status conference and show cause hearing); *McLane Foodservice, Inc. v. Hawkins*, No. 3-03-CV-1412-G, 2004 WL 350667 at *2-3 (N.D. Tex. Feb. 25, 2004), *rec. adopted*, 2004 WL 1179325 (N.D. Tex. Mar. 22, 2004) (case dismissed where plaintiff failed to appear for deposition and hearing to explain his absence).

At the show cause hearing, defense counsel suggested that the imposition of lesser sanctions, such as an order prohibiting Rodriguez from testifying at trial or even an order holding Rodriguez in civil contempt, were appropriate. The court disagrees. The prejudice to plaintiff is not limited to being deprived of the opportunity to question Rodriguez about his version of the accident. Indeed, Rodriguez may be the *only* witness with knowledge of certain facts, such as other incidents of negligent or grossly negligent conduct, that are relevant to the issues in this case. Additionally, Rodriguez may be able to provide evidence that will assist plaintiff in examining and possibly

impeaching the testimony of other witnesses. Civil contempt is not an effective remedy if, as defense counsel represents, Rodriguez cannot be located. The court therefore determines that lesser sanctions would not serve the interests of justice or advance the disposition of this case on the merits.

Rodriguez twice failed to appear for deposition and ignored an order requiring him to attend a show cause hearing. The purpose of that hearing was to give Rodriguez an opportunity to explain his absence at the depositions. Rodriguez was explicitly warned of the consequences of failing to attend the show cause hearing, which included an order striking his pleadings and rendering a default judgment against him. While the court does not doubt that defense counsel has been diligent in trying to locate his client, that Rodriguez has not kept in contact with his attorney does not excuse his failure to appear for deposition or a show cause hearing. Under these circumstances, the extreme sanction of striking pleadings and rendering a default judgment on the issue of liability is appropriate.

## RECOMMENDATION

Plaintiff's motion for sanctions [Doc. #44] should be granted. Because Cesar Rodriguez failed to appear for a noticed deposition, a court-ordered deposition, and a show cause hearing, his pleadings should be stricken and an interlocutory default judgment entered against him on the issue of liability.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon

grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 13, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE